RICARDO CASALS, Plaintiff and Appellant, *v.* FRANCISCA DUMAS DE PADIAL, Defendant and Appellee; INSULAR MERCANTILE Co., Intervener and Appellant.

No. 8676. Argued November 4, 1943.—Decided January 12, 1944.

G. *Cruzado Silva* for appellant. *Géigel & Silva* for appellee. *Eduardo Coll Cuchí* for intervener-appellant.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Elena Cámara de Schlüter was the owner of a house and lot situated in Duffaut Street of Santurce until she sold the same to the Insular Mercantile Co. by deed dated August 26, 1937. Said deed was recorded in the registry of property on November 5, 1938. The Insular Mercantile Co. leased the house in question to Francisca Dumas widow of Padial.

In May 1940, the Collector of Internal Revenue of Santurce brought distress proceedings against Elena Cámara de Schlüter for the collection of certain taxes owed upon said property corresponding to the second semester of the fiscal years 1938–39, 1939–40, and of 18 instalments under Act No. 23 of July 16, 1936 (Laws of 1936, Spec. Sess., p. 160), amounting in all to $226.02. The sale at public auction was held on October 4, 1940, and the property was awarded to bidder Ricardo Casals. It was not until December 17, 1940,

that the Insular Mercantile Co. was notified for the first time regarding the above proceeding. As to Elena Cámara, the collector stated in the certificate of purchase that he had notified her by registered mail on January 15, 1941.

In May 1942, Casals instituted an unlawful detainer proceeding at sufferance against Francisca Dumas widow of Padial. The defendant answered the complaint with a general denial and at the same time filed a demurrer on the ground of want of jurisdiction in the lower court. She likewise alleged that she held possession of the property under a contract of lease entered into by her and the Insular Mercantile Co., owner of the property. The demurrer was overruled. On June 10, 1942, the Insular Mercantile Co. filed in the lower court a motion for leave to intervene in its capacity as owner of the property, and attached thereto a draft of a complaint in intervention. The second appearance commenced on that day and the hearing was continued on the 12th of the same month. On this occasion, that is, at the hearing held on June 12, the motion of the Insular Mercantile Co. was discussed. The plaintiff objected to the intervention on the ground that the Insular Co. was attempting to set up questions of title which, as claimed by the plaintiff, could not be raised in an unlawful detainer proceeding but in the proper plenary action. The court held that, since defendant Dumas had pleaded as a defense the title held by her lessor, which in its opinion she was entitled to do, the intervention of the Insular Mercantile was unnecessary, and on that ground it denied the motion for intervention. Lastly, after hearing the evidence for the plaintiff and the defendant, the court concluded that a conflict of titles had been shown and dismissed the complaint.

The plaintiff and the Insular Mercantile Co. appealed, the latter because its motion for intervention had been denied.

There is no doubt that a conflict of titles arose in the present case, but such a conflict could not be raised by

the lessee. Section 1450 of the Civil Code provides that "the lessor shall not be obliged to answer for the mere fact of a trespass made by a third person in the use of the estate leased but the lessee shall have a direct action against the trespasser." Said Section further provides that "the fact of trespass does not exist if the third person, whether it be the administration or a private person, has acted by virtue of a right belonging to him."

In order to determine whether Mrs. Dumas, lessee in the present case, was entitled to set up the title of her lessor and thus raise the conflict of titles referred to by the lower court, we must first determine whether the disturbance in the enjoyment of the leased property was a direct or an indirect trespass (*perturbación de hecho o de derecho*). If the former, the lessee has a direct action against the trespasser, in this case the plaintiff, and she may set up the title of her lessor. If the latter, that is, if the trespass in question is indirect (*perturbación de derecho*), it is incumbent exclusively on the lessor to oppose it, and the lessee's only remedy is an action against the lessor. In the case at bar the plaintiff attacks the title of the lessor, alleging that he is entitled to the possession of the property as owner, he having purchased it at the distress proceeding. The trespass is clearly an indirect (*de derecho*) one. But if any doubt existed as to the nature of the disturbance, it would be dispelled by Manresa, who states that where the disturbance, as in the case at bar, is by judicial process, the mere fact that the claimant (*perturbador*) resorts to a court is a sure sign that no direct trespass is involved. Manresa, *Comentarios al Código Civil Español,* vol. 10, p. 562 *et seq.* Therefore, since we are concerned herein with an indirect trespass which the lessee could not oppose, the lower court erred in basing its judgment on the pleadings and evidence of a party who had no right to oppose plaintiff's claim. On the other hand, it did not allow the intervention of the lessor, who,

716

because the trespass in question was an indirect (*de derecho*) one, was the only party entitled to oppose plaintiff's claim.

The error of the lower court in deciding the case in favor of the defendant Dumas makes the judgment appealed from reversible. But inasmuch as the court also erred in denying the motion of the Insular Mercantile Co. for leave to intervene, we must not render judgment sustaining the dispossession proceeding, since by so doing we would deprive the Insular Mercantile Co. of its rights over the property without giving it an opportunity to be heard.

Under the attendant circumstances, the judgment appealed from should be reversed and the case remanded to the lower court with directions to allow the intervention sought and to take further proceedings in this case not inconsistent with this opinion.